IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| SCOTT NORRIS,<br><br>*Plaintiff*,<br><br>v.<br><br>HBJ CORP. and TERESA WESOLOWSKI,<br><br>*Defendants*. | No. 3:24-cv-50103<br><br>HON. IAIN D. JOHNSTON |

**MEMORANDUM OPINION AND ORDER**

Mr. Norris brings claims under the Fair Labor Standards Act (FLSA), Illinois Minimum Wage Law (IMWL), and Illinois Wage Payment and Collection Act (IWPCA), alleging that Defendants failed to pay him as an employee. Mr. Norris now moves to strike two of Defendants' affirmative defenses. For the following reasons, his motion is granted in part and denied in part.

**LEGAL STANDARD**

"Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Defenses that "are sufficient as a matter of law" or "present questions of law or fact" are generally not struck; a defense needs to be "insufficient on the face of the pleadings" to be struck. *Id.*; *see also* Fed. R. Civ. P. 12(f).[1] Motions to strike are generally disfavored because they

---

[1] The Seventh Circuit has yet to address whether the plausibility standard from *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), applies to affirmative defenses, and district courts are split on the issue. *See* 2 James Wm.

1

"potentially serve only to delay." *Heller Financial*, 883 F.2d at 1294; *see also Aylin & Ramtin, LLC v. Barnhardt*, No. 19-cv-3402, 2022 U.S. Dist. LEXIS 38755, at *2 (N.D. Ill. Mar. 4, 2022); *Leon v. Jacobson Transp. Co.*, No. 10 C 4939, 2010 U.S. Dist. LEXIS 123106, at *1 (N.D. Ill. Nov. 19, 2010).

## DISCUSSION

Mr. Norris seeks to strike two of Defendants' affirmative defenses: waiver and laches. Defendants agree to withdraw their waiver defense. They also ask for leave to amend to add an affirmative defense of equitable estoppel, which Mr. Norris does not oppose.

The only remaining issue is the affirmative defense of laches. Mr. Norris argues that laches is not generally applicable to the FLSA; Defendants try to distinguish from Mr. Norris' cited authority by arguing that there is a more robust factual basis for laches in this case. Although Mr. Norris frames his argument as though it's about wage claims generally, his argument is centered around FLSA claims. It's not until his reply brief that he argues for the IMWL claim to be treated the same as the FLSA claim, and he makes no mention of the IWPCA claim in his opening brief or his reply brief. Mr. Norris has forfeited the argument that a laches defense cannot apply to the state law claims, and so Defendants' laches defense is not struck as it applies to the IMWL and IWPCA claims. *See James v. Sheahan*, 137 F.3d 1003, 1008 (7th Cir. 1998) ("Arguments raised for the first time in a reply brief are waived."); *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("We repeatedly have made clear that

---

Moore et al., *Moore's Federal Practice – Civil* § 8.08 (3d ed. 2024). But this doesn't affect the analysis in this opinion.

perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived . . . .").

One of Mr. Norris' arguments for the FLSA claim is that a laches defense is unavailable because this action has been brought within the statute of limitations. As an equitable defense, laches is inapplicable to claims that are covered by a statute of limitations—"laches provides a way of dealing with a statute that specifies no limitations period." *Lantz v. Comm'r of Internal Revenue*, 607 F.3d 479, 483 (7th Cir. 2010). The enactment of a statute of limitations reflects a congressional decision, and "applying laches within a limitations period specified by Congress would give judges a 'legislation-overriding' role that is beyond the Judiciary's power." *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 508 U.S. 328, 334-35 (2017). Because the FLSA has a statute of limitations, 29 U.S.C. § 255(a), a laches defense cannot apply to the FLSA claim. The defense is struck as it applies to the FLSA claim.

## CONCLUSION

Mr. Norris' motion to strike is granted in part and denied in part. The waiver defense (affirmative defense #1) is struck, and the laches defense (affirmative defense #2) as it applies to the FLSA claim is struck. Defendants may amend their affirmative defenses by September 13, 2024.

Date: August 29, 2024

_____
Hon. Iain D. Johnston
*United States District Judge*