IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Scott Norris,<br><br>        Plaintiff,<br><br>v.<br><br>HBJ Corp., d/b/a TWISTED ROSE,<br>and Theresa Wesolowki,<br><br>        Defendants. | Case No.: 24-cv-50103<br><br>Judge Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

      Despite the general wisdom that motions to strike unreasonably stall litigation, Defendants HBJ and Wesolowski filed a second motion to strike affirmative defenses in this case. The first time around, Plaintiff Scott Norris brought claims under the Fair Labor Standards Act (FLSA), Illinois Minimum Wage Law (IMWL), and Illinois Wage Payment and Collection Act (IWPCA). The Defendants answered, claiming waiver and laches as affirmative defenses. On Norris' first motion, the Court partially struck the laches defense and allowed the Defendants to amend from waiver to equitable estoppel. *Norris v. HBJ Corp.*, No. 3:24-cv-50103, 2024 U.S. Dist. LEXIS 155483 (N.D. Ill. Aug. 29, 2024). Then, as Yogi Berra would say, déjà vu all over again. Norris amended his complaint (adding one count under the Internal Revenue Code), the Defendants raised and withdrew laches as an affirmative defense, and Norris moved to strike the remaining defenses.

      Again, the Defendants seek to bar Norris from claiming additional hours and overtime than what he initially reported to his employer. And though they've mischaracterized this argument as waiver *for the second time*, functionally, they've asserted a valid affirmative defense. Courts regularly estop employees from claiming in litigation that they worked more hours than reported on their timesheets. *E.g.*, *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 13217 (5th Cir. 1972); *Mortenson v. W. Light & Tel. Co.*, 42 F. Supp. 319, 320 (S.D. Iowa 1941). So, despite its frustration, the Court won't jam up the Defendants for pleading a viable theory under the wrong label. *See McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 428 (7th Cir. 2005). After all, as the Court explained more thoroughly in its previous order, motions to strike must be construed in the light most favorable to the non-movant. *Norris*, 2024 U.S. Dist. LEXIS 155483, at *1 (N.D. Ill. Aug. 29, 2024) (citing Fed. R. Civ. P. 12(f)); *see also* 5C Wright & Miller, Federal Practice and Procedure: Civil 3d § 1380, at 397 (2004).

      What's more, Norris concedes that equitable estoppel is a permitted defense to his wage and labor claims. He maintains for no specific reason that the defense was improperly pled; but Norris gives the Court no reason to believe that HBJ's reliance on his own timesheets was unreasonable. There's no allegation, for instance, that HBJ manipulated the data after he reported it or that HBJ actively kept employees from reporting their time accurately. *E.g. Schremp v. Langlade Cty.*, No. 11-C-590, 2012 U.S. Dist. LEXIS 106344, at *8 (E.D. Wis. July 31, 2012). In short, the Court declines the invitation to craft counsel's argument, *see Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011); *United States v. Thornton*, 642 F.3d 599, 606 (7th Cir. 2011); *Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 613 (7th Cir. 2006), and denies the motion for the reasons already given.

Entered: August 6, 2025                                By: _____
                                                                                        Iain D. Johnston
                                                                                        U.S. District Judge